# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO MORENO,<br><br>Defendant. | Case No. 1:11-CR-00188-(4)-LJO-BAM<br><br>ORDER TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO REDUCE SENTENCE<br><br>(Doc. 145) |

On January 12, 2016, Defendant, Gustavo Moreno ("Mr. Moreno"), filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), and on February 29, 2016, the government filed its opposition to Mr. Moreno's motion (Doc. 149).[1]

Mr. Moreno faces a bar to his eligibility for relief under section 3582(c)(2) based on the nature and content of his plea agreement, which was offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C). Under current Ninth Circuit law, an 11(c)(1)(C) plea agreement does not preclude a reduction under § 3582. *See U.S. v. Austin*, 676 F.3d 924, 928 (9th Cir. 2012). Here, the government argues that in order for a defendant to be eligible for a reduction under § 3582 where an 11(c)(1)(C) agreement is in place, his agreement must either specify a particular Guideline range within which the defendant is to be sentenced, or must explicitly state a particular Guideline range on which the defendant's specific sentence is based, but that Mr. Moreno's agreement does not meet either exception. *See Austin*, 676 F.3d at 927-28 (citing *Freeman v. U.S.*, 131 S. Ct. 2685 (2011) (a fractured 4-1-4 opinion) ("Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion [that a (c)(1)(C) agreement did not bar eligibility for a sentence reduction] on the 'narrowest grounds.'") (in turn citing *Marks v. United States*, 430 U.S. 188, 193

---

[1] On January 28, 2016, the Federal Defender's Office filed a notice of non-supplementation. (Doc. 147).

(1977) (finding that "when a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds … .'" (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n. 15 (1976)))).

As background, there is a split in the circuit courts whether Justice Sotomayor's concurrence in *Freeman* is properly considered controlling, and this may affect the instant request for reduction. Compare the reasoning in *United States v. Epps,* 707 F.3d 337, 351 (D.C.Cir. 2013) (concluding that rather than narrower, J. Sotomayor's concurrence is an altogether different holding than the plurality's, which explicitly rejected it; thus, adopting the plurality's opinion as the more persuasive; and on that basis concluding that for the purposes of a § 3582 motion, "the focus, even when there is a [Fed. R. Crim. P.] 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement"), with other circuits, which held that Justice Sotomayor's interpretation is narrower and therefore controls. *See United States v. Rivera-Martinez,* 665 F.3d 344, 348 (1st Cir. 2011) (finding that J. Sotomayor's concurrence  controlled, thus following the principle set out in her concurrence: that while a plea agreement does not preclude a reduction under § 3582, a sentence imposed pursuant to an 11(c)(1)(C) agreement was "based on" the agreement, not the Guidelines, and therefore finding that a sentence could be reduced under § 3582 only when it fell into one of the two exceptions described above); *United States v. Smith,* 658 F.3d 608, 611 (6th Cir.2011) (same); *United States v. Brown,* 653 F.3d 337, 340 & n. 1 (4th Cir.2011) (same).

The government's argument relies on *Austin* being correctly decided. *See* Doc. 635 at 4:12-18. But, the Ninth Circuit in August 2015 granted *en banc* review of the more recent case *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015), specifically to consider whether *Austin* was rightly decided in light of the circuit split. *See* Case No. 12- 30133, Dkt 38. In its opposition the government acknowledged the circuit split and that the issue is again before the Ninth Circuit in *Davis*, but did not address how the resolution of *Davis* might affect the instant request for reduction. *See* Government's Opposition, Doc. 149 at 4, n.3. If the Ninth Circuit rejects *Austin*'s finding that Justice Sotomayor's opinion is

narrower (and thus controls on the issue which may bar Mr. Moreno from the requested relief), it may fashion a new and different rule that would be applicable to this case.

## CONCLUSION AND ORDER

For this reason, the Court concludes it should await the resolution of the Ninth Circuit's *en banc* review of *Davis* before reaching a decision on how the law should be applied in this case. Accordingly, **IT IS HEREBY ORDERED** that the Court **HOLDS IN ABEYANCE** Defendant's motion to reduce sentence (Doc. 145), to allow for resolution of the *en banc* review in *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015). The parties **SHALL** file a status memo on or before September 30, 2016.

IT IS SO ORDERED.

Dated:   **March 15, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE