# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO MORENO,<br><br>Defendant. | Case No. 1:11-CR-00188-(4)-LJO-BAM<br><br>ORDER VACATING PRIOR ORDER TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO REDUCE SENTENCE AND REFERRING CASE TO FEDERAL DEFENDER'S OFFICE<br><br>(ECF Nos. 145, 151) |

On January 12, 2016, Defendant, Gustavo Moreno ("Mr. Moreno"), filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 145). The Court referred the motion to the Federal Defender's Office ("FDO") on January 19, 2016 (ECF No. 146). On January 28, 2016, the FDO filed a notice of non-supplementations of Defendant's motion (ECF No. 147). On February 29, 2016, the government filed its opposition to Mr. Moreno's motion (ECF No. 149).

Because the Ninth Circuit granted *en banc* review of *United States v. Davis*, 795 F.3d 1188 (9th Cir. 2015) *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015), the resolution of which impacts the instant motion, this Court rendered an Order on March 15, 2016, holding in abeyance petitioner's § 3582 motion pending the resolution of *Davis*. *See* ECF No. 151.

This week, the Ninth Circuit rendered its decision in *United States v. Davis*, No. 13-30133, 2016 WL 3245043 (9th Cir. June 13, 2016), holding that a defendant sentenced under an 11(c)(1)(C) agreement is eligible for relief under § 3582(c)(2) "because the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'" *Id.* at *11 (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011) (plurality opinion). The Ninth Circuit emphasized that "Davis's Rule 11(c)(1)(C) plea agreement was clearly rooted in the Guidelines." *Id.* By explicitly overruling *United States v. Austin,* 676 F.3d 924 (9th Cir.2012), upon which the Government's opposition to the instant motion relies (*see* ECF No. 635), the circuit court fashions a

new and different rule applicable to this case. *See Davis*, 2016 WL 3245043, at *6 ("we overrule our holding in *Austin*," and "adopt the analysis of the D.C. Circuit") (citing *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (finding no common denominator in *Freeman*)).

Under *Davis*, Mr. Moreno apparently no longer faces a bar to his eligibility for relief under § 3582(c)(2) based on the nature and content of his plea agreement, which was, like the plea agreement in *Davis*, offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C) and "based on the Guidelines." *Id.* at *11 (quoting *Freeman*, 564 U.S. at 534). This is not dispositive, however. The parties have yet to address how the *Davis* holding, among other factors, specifically affects Moreno's request for reduction. Also, the FDO's notice of non-supplementation precedes *Davis*. *See* ECF No. 147. Given the changed circumstances, the Court finds appropriate a fresh referral and scheduling order in order to give the parties an opportunity to respond.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Court's Order (ECF No. 151) holding the case in abeyance is **VACATED**. **IT IS FURTHER ORDERED** that, pursuant to Eastern District of California General Order 546, the FDO is appointed to represent Defendant in this matter. The FDO **SHALL** have **90 days from the Ninth Circuit's mandate in *Davis***[1] to file a supplement to Defendant's pro se § 3582 Motion, or to notify the Court that it again does not intend to supplement to the motion. Thereafter, the government **SHALL** have **30 days from the date of the FDO's filing** to file a supplemental response to Defendant's § 3582 Motion.

IT IS SO ORDERED.

Dated:   **June 15, 2016**           /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Entry of judgment on *Davis* was made June 13, 2016, a mandate will issue on or before June 20, 2016 (*see* Fed. R. App. Proc. 41), and thereafter the parties have 90 days in which to petition for a writ of certiorari. *See* U.S. Sup. Ct. R. 13, 28 U.S.C. If *Davis* is timely appealed, this Court will again hold the instant motion in abeyance.

2