# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Respondent-Plaintiff,<br><br>   v.<br><br>GUSTAVO MORENO,<br><br>                     Petitioner-Defendant. | CASE NO. 1:11-CR-00188-(4)-LJO-BAM<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(ECF No. 145) |

Before the Court is Petitioner Gustavo Moreno's ("Petitioner" or "Defendant") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines.[1] (ECF Nos. 145 & 154, "Section 3582 Motion"). The Amendment revised the Drug Quantity Table in section 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny Petitioner's Section 3582 Motion for the reasons set forth below.

## PROCEDURAL HISTORY

Subsequent to the Court's January 19, 2016 Order (ECF No. 146), in which it referred the matter to the Federal Defender's Office ("FDO"), the FDO filed a notice declining to supplement

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

the motion and withdrawing as counsel (ECF No. 147). The government timely filed its opposition to Petitioner's *pro se* motion (ECF No. 149), on the basis that he is not eligible for a reduction under section 1B1.10. (ECF No. 149) (citing *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012) (holding that a plea agreement specifying a specific sentence or sentencing range entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) does not bar relief under 18 U.S.C. § 3582.) *overruled by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) ("*Davis II*")).

To allow for resolution of the Ninth Circuit's *en banc* review of *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) ("*Davis I*") *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015), in which the circuit court would review whether *Austin* was correctly decided, this Court on March 15, 2016, held the instant motion in abeyance. *See* ECF No. 151.

Due to the Ninth Circuit's recent decision in *Davis II*,[2] overruling *Austin*, this Court on June 15, 2016 vacated its March 2016 Order, newly referred the matter to the FDO, and set a supplemental briefing schedule. *See* ECF No. 152. On July 13, 2016, the FDO filed a "Defense Brief in Supplement to *Pro Se* Motion to Reduce Sentence under 18 U.S.C. 3582(c )(2)." ECF No. 154. The government timely filed its "Supplemental Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 155), and subsequently amended its opposition (ECF No. 160). Petitioner filed a Reply on August 16, 2016 (ECF No. 158).

## BACKGROUND

Subsequent to a two-count indictment (ECF No. 14), Petitioner Moreno waived prosecution by indictment and consented to prosecution by information. ECF No. 89. On July 7, 2013, Petitioner signed a conditional plea agreement with the government under Rule 11(c)(1)(C), in which the parties agreed that the defendant should receive 148 months imprisonment. ECF No. 90, ¶ 3(g). On July 8, 2013, the Court held a change of plea hearing at which Petitioner pleaded guilty to the single-count Superseding Information: Conspiracy to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 846, 841(a)(1). *See* ECF Nos. 90, 96, 99.

---

[2] The mandate in Davis has been stayed for 90 days from July 6, 2016 (on or before October 4, 2016), pending a filing of a petition for a writ of certiorari to the United States Supreme Court. *United States v. Davis*, 13- 30133 (9th Cir.) Dkt 67.

2

The PSR found the amount of drugs attributed to Petitioner was 55 grams of actual methamphetamine. *See* ECF No. 114, PSR ¶ 16. Pursuant to section 2D1.1(a)(5)(iii), Petitioner's base offense level was 32 (based on the amount of drugs involved in the case) and his criminal history was category VI (based on 13 criminal history points). PSR ¶¶ 38-40. The PSR acknowledged Petitioner's two prior convictions for Possession of a Controlled Substance for Sale and that the instant offense involved a controlled substance offense where the defendant was 18 years or older at the time of its commission. PSR ¶ 22. Probation found that due to his criminal history (category VI), Petitioner should be sentenced under the Career Offenders and Criminal Livelihood[3] section of section 4B1.1, which would enhance his offense level to 32. *See* PSR ¶ 22. But, as the offense level determined under section 4B1.1 was 32—the same as the subtotal calculation— the adjusted offense level remained 32. *Id.* Pursuant to sections 3E1.1(a) and (b), Petitioner's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 29. PSR ¶ 23. The Guidelines range for a defendant with an offense level of 29 and a criminal history category VI was 151 to 188 months imprisonment. *See* PSR at 3; *id.* at ¶ 49; U.S.S.G. Ch. 5, Pt. A; § 4B1.1.

On September 23, adopting the PSR and accepting the plea agreement, ECF Nos. 90, 114, the Court imposed a sentence of 148 months in custody; a 36-month term of supervised release (with conditions); and a mandatory $100 penalty assessment. *See* ECF Nos. 122, 124.

**I.    LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table

---

[3] A career offender is defined as a defendant who has a criminal history category of Category VI.

3

and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

## II.  DISCUSSION

Petitioner requests a reduction in his sentence under Amendment 782, enumerated in section 1B1.10(d). ECF Nos. 145, 154. Petitioner acknowledges that the "PSR found his total offense level to be 29 and his criminal history category VI for a ranger of 151-188 months." ECF No. 154 at 4:5-7. Petitioner argues that, under *Davis II*, he "is eligible for relief under section 3582 (c )(2)," and subsequent to Amendment 782, his "total offense level now drops to a 27 and his new guideline range is 130-162 months." *Id.* at 4:8-13.  On that basis Petitioner requests a reduction in sentence "to the low end of the guideline range: 130 months." ECF No. 154 at 4:13-14.

The government opposes the instant motion on two grounds: (1) because the issuance of the mandate in *Davis II* has been stayed, Petitioner's request for the Court to follow *Davis II* is premature; and, (2) Petitioner, a career offender, is ineligible for section 3582 relief.

As both arguments attack Petitioner's eligibility, the Court proceeds to step one. The Sentencing Commission's constraint on a sentencing court's authority to modify a sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Prior to *Davis II*, Petitioner Moreno faced a potential bar to his eligibility for relief under section 3582(c)(2) based on the nature and content of his plea agreement, which was offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C). The government initially argued that although under then-current Ninth Circuit law an 11(c)(1)(C) plea agreement did not preclude a section 3582 reduction, *see Austin*, 676 F.3d at 927-28 (9th Cir. 2012) *overruled by Davis II*, 825 F.3d 1014, Moreno's specific plea agreement did not meet either exception set forth in *Austin* and he was thus ineligible for section 3582 relief. *Id.* at 928 (citing *Freeman v. United States*, 131 S. Ct. 2685, 2697-98 (2011) (a fractured 4-1-4 opinion) ("Justice Sotomayor's concurrence is the controlling opinion because it reached this conclusion [that a (c)(1)(C) agreement did not bar eligibility for a sentence reduction] on the narrowest grounds.") (citations and quotations omitted)).

In *Davis II,* the Ninth Circuit overruled *Austin*, declining to follow Justice Sotomayor's opinion in *Freeman,* and, as in *Epps*, adopting the *Freeman* plurality's rule that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c )(2) relief."[4] *Davis II*, 825 F.3d at 1026 (internal citations

---

[4] As background, there is a split in the circuit courts whether Justice Sotomayor's concurrence in *Freeman* is properly considered controlling. Compare *United States v. Epps,* 707 F.3d 337, 351 (D.C.Cir. 2013) (concluding that rather than narrower, J. Sotomayor's concurrence is an altogether different holding than the plurality's, which explicitly rejected it; thus, adopting the plurality's opinion as the more persuasive; and on that basis concluding that for the purposes of a § 3582 motion, "the focus, even when there is a [Fed. R. Crim. P.] 11(c)(1)(C) plea agreement, ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement"), with *United States v. Rivera-Martinez,* 665 F.3d 344, 348 (1st Cir. 2011) (finding that J. Sotomayor's concurrence

5

omitted). Because the government's preclusion argument relies on *Austin*'s being rightly decided, Petitioner clears the first hurdle to possible eligibility.[5]

*Davis II* means that a defendant who was precluded from relief under section 3582(c)(2) because the form and content of his (c)(1)(C) agreement did not meet the *Austin* exceptions, is now eligible for relief if the district court's decision to accept the plea and impose the recommended sentence was: (1) based on a Guideline range; and, (2) that Guideline range has subsequently been reduced by a retroactive amendment.[6] 825 F.3d at 1027.

The Court proceeds to answer the first inquiry, whether, like the defendant in *Davis II*, Moreno's sentence was "based on" a Guideline range. To this end, the Court looks to the sentencing hearing transcript which shows the following exchange with counsel:

> THE COURT: The Court has received and reviewed the 26-page Presentence Report of August 15, along with the 11(c) agreement. Also the defendant's sentencing memorandum. The Court notes that the offense level is 29. History Category is VI. Guideline range is 151 to 188, with a recommendation at the low end. The court had considered the 3553(a) factors. I note in the defense memo that the agreement was allegedly to 148 months?
>
> MS. SANCHEZ [FOR THE GOVERNMENT]: That's correct, your Honor. It was an 11(c)(1)(C) agreement.
>
> THE COURT: Where did the 148 come from? In other words, it's three months off of the guideline range?

---

controlled, thus following the principle set out in her concurrence: that while a plea agreement does not preclude a reduction under § 3582, a sentence imposed pursuant to an 11(c)(1)(C) agreement was "based on" the agreement, not the Guidelines, and therefore finding that a sentence could be reduced under § 3582 only when it fell into one of the two exceptions described above); *United States v. Smith,* 658 F.3d 608, 611 (6th Cir.2011) (same); *United States v. Brown,* 653 F.3d 337, 340 & n. 1 (4th Cir. 2011) (same). The Ninth Circuit's decision in *Davis* II aligns with *Epps*.

[5] The Ninth Circuit granted *en banc* review of *Davis I*, 795 F.3d 1188 (9th Cir. 2015), in part to decide whether *Austin* was rightly decided. *See* Case No. 12- 30133, Dkt. No. 38.

[6] The Court based its holding on "three critical sources." *Davis II*, 825 F.3d at 1026. First, the district court must "comply with the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors." *Id.* (*Freeman v. United States*, 564 U.S. 522, 529 (2011)) (internal quotation marks omitted). Second, an 11(c)(1)(C) agreement "preserves a district court's independent obligation to" review the proposed sentence and, in the process of that review, judges "use the Guidelines range as the starting point." *Id.* Finally, the Guideline section applicable to plea agreements makes clear that the sentencing court "may accept the agreement" if the sentence is within the applicable range or if it is outside the range for justifiable reasons, which must be stated on the Statement of Reasons. *Id.*; *see also* § 6B1.2(c). Since the "goal of the sentence modification is to 'isolate' the effect of the amended Guideline while leaving undisturbed the other factors that determined the sentence imposed," it follows that, where "one factor in a defendant's sentence was a since-rejected Guideline," the defendant should be eligible for a reduced sentence. *Id.* at 1026-27; *see also* § 1B1.10.

> THE GOVERNMENT: We negotiated the five defendants in this case
> starting with the guideline range, and I don't believe that in each case the
> ultimate number that we reached an agreement on was within the
> guideline range.

ECF No. 162 at 3:19 – 4:10 (emphasis added). Showing its work, the Court's implied math question was whether the government arrived at 148 months (the plea agreement's recommended sentence) by subtracting three months from 151 months (the low end of the guideline range). Apparently answering in the affirmative, the government stated that negotiations did start with the guidelines range. Ultimately, the Court followed the plea agreement:

> THE COURT: Pursuant to the Sentencing Reform Act of 1984, and
> keeping in line with the agreement, it is the judgment of the Court that you
> are committed to the custody of the Bureau of Prisons, to be imprisoned
> for a term of 148 months.

*Id.* at 7:3-7.

The Court finds that the sentence recommended in the plea agreement and adopted by the Court was based on a Guidelines range. *See Davis II*, 825 F.3d 1014, 1016 ("we hold that [petitioner] is eligible for relief under § 3582(c)(2) because the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'") (citing *Freeman*, 564 U.S. at 534 (plurality opinion)); *see also United States v. Cloud*, No. 2:10-CR-2077-RMP, 2016 WL 3647785, at *3-4 (E.D. Wash. June 24, 2016) (finding that the "recommended sentence, to at least some degree, was based on the calculated Sentencing Guideline range," and "[f]ollowing *Davis* [*II*] the Court will not bar Defendant from being resentenced based on the 11(c)(1)(C) plea agreement should Defendant be entitled to relief.") (citing *id.*)).

The government avers that reaching the merits of the instant matter is premature because of the procedural posture in *Davis II*, where the Ninth Circuit stayed its mandate pending possible filing of a writ of certiorari to the Supreme Court. In other words, the government suggests that judicial efficiency supports staying the instant matter. Because, as discussed below, the issue addressed in *Davis* II is not dispositive, the Court finds that judicial efficiency would not be served by imposing a stay. Even should *Davis II* not provide precedential support, as the government argues, the question remains whether Moreno's Guideline range has subsequently been reduced by Amendment 782. It has not.

Generally, the Amendment modifies § 2Dl.l's Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, U.S.S.G. § 1B1.10. Reductions in sentencing are available for those defendants sentenced under the amended § 2D1.1 sentencing provision. *See id*. Here, however, rather than under section 2Dl.l (the provision affected by Amendment 782), Petitioner Moreno was sentenced as a career offender under 4B1.1. *See* PSR ¶ 22. Petitioner argues that the "PSR calculated both the career offender and the § 2D1.1 guidelines, and given that the Statement of Reasons is silent on which guidelines the Court applied, the rule of lenity requires the Court to conclude that the sentence was based upon now lowered § 2D1.1 guidelines." ECF No. 158 at 3.

The Court disagrees with this interpretation. The PSR made plain how it made its "Offense Level Computations." ECF No. 114, PSR at 6-7. While Petitioner is correct that the PSR's computational section starts with a base offense level of 32, pursuant to section 2D1.1 (*id.* at ¶ 16), this is functionally distinct from the *total offense level* actually used to generate the Guideline range. As the PSR "Offense Level Computations" section illustrates, each paragraph highlights a possible adjustment followed by the appropriately adjusted subtotal offense level; a paragraph's end does not signal that analysis is complete. *See, e.g., id.* at ¶ 18 (outlining the impact of an "Adjustment for Role in the Offense", followed by a subtotal). For example, at a point in the section where section 2D1.1 (but not yet 4B1.1) had been considered, *see id.* ¶¶ 16-21, the PSR lists an "Adjusted Offense Level," specifying that the number is a "Subtotal."[7] *Id.* at ¶ 21. To this "Subtotal," there are two more adjustments. *Id.* at ¶¶ 22-23. Critically, justification for the first of these adjustments is:

> **Chapter Four Enhancements – Career Offender**:
> As is shown in Part B (Criminal History) below, the defendant has been convicted of Possession of a Controlled Substance for Sale, Madera County, Superior Court, Case No. MCR14618B and Possession of a Controlled Substance for Sale, Madera County Superior Court, Case No. MCR022394A. Since the instant offense involves a controlled substance offense and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of USSG 4B1.1 of the guidelines. The offense level determined under USSG 4B1.1 is 32, which is equal to the offense level calculated above.   **32**

*Id.* at ¶ 22.

---

[7] Nowhere does the PSR cite section 2D1.1 as the basis for a *final* base offense level upon which it calculates any Guideline range. *See generally id*.

Indeed, the PSR emphasizes that application of the career offender enhancement would enhance Moreno's offense level to 32 under section 4B1.1, but because the subtotal happened to equal 32, the post-enhancement offense level remained 32. *See* PSR ¶ 22; *see* U.S.S.G. §§ 4B1.1, 4B1.2 (if a defendant is found to be a career offender and if his subtotal base offense level is *below* 32, then application of the career offender enhancement would *increase* his base offense level to 32); *see, e.g.*, *United States v. Charles*, 581 F.3d 927, 929 (9th Cir. 2009) (discussing §§ 4B1.1 and 4B1.2). That is not to say that because the subtotal had reached 32 the career enhancement was disregarded. There can be no question that the PSR found Moreno to be a career offender and applied that enhancement pursuant to section 4B1.1. Only after applying that enhancement does the PSR finally provide a "Total Offense Level," ¶ 24. The PSR then uses that Total Offense Level (29) together with the criminal history category (VI), to find the Guideline range and make its sentencing recommendation. *Id.* at 22; *id.* at ¶¶ 49, 71-73 (151 to 188 months).[8] Put another way, the PSR's "Offense Level Computations" can be summarized as follows:

**Original Calculations**

| | |
|---|---|
| Base Offense Level, pursuant to § 2D1.1 | 32 |
| *Subtotal Base Offense Level* | 32 |
| Career Offender Enhancement: Base Offense Level, pursuant to § 4B1.1 | 32 |
| Acceptance of Responsibility | -3 |
| **Original Total Offense Level** | **29** |

PSR ¶¶ 16-24. Notably, Petitioner concedes that in the Statement of Reasons the Court explicitly adopted the PSR "without change." ECF No. 154 at 4:3-5. The Court finds that despite the PSR's mention of both sections in its analysis, to say that the report "calculated both" the section 2D1.1 and 4B1.1 Guideline ranges is simply incorrect. The Court finds no ambiguity exists to implicate application of the rule of lenity.

---

[8] Moreover, the PSR specifies that the "[recommended] sentence takes into consideration the nature and circumstances of the offense, as well as the history and characteristics of the defendant … ." *Id.* at ¶ 75 (referencing the PSR section "History and Characteristics of the Defendant," outlining factors to be considered pursuant to 18 U.S.C. 3553(a)(1)). There, the PSR again notes that "[t]he defendant has a lengthy and serious prior criminal history, dating back to when he was a young adult. Consequently, the defendant is a Career Offender, as defined under USSG 4B1.1." *Id.* at ¶ 68.

The Court concludes that because a sentence imposed against a "career offender" for a drug offense is calculated under § 4B1.1, such a sentence "cannot have been 'based on' a sentence range calculated under the § 2D1.10 drug amount table." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). It is a matter of settled law in the Ninth Circuit that "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because … the two sentencing schemes are mutually exclusive." *United States v. Charles,* 749 F.3d 767, 770 (9th Cir. 2014) (internal citations and quotation marks omitted).

Moreover, contrary to Petitioner's argument that application of the Amendment results in a reduction to his Guideline range, because of his career offender status, any reduced *base* offense level would net the same *total* offense level as originally calculated:

**Revised Calculations (Applying Amendment 782)**

| | |
|---|---|
| Base Offense Level, pursuant to § 2D1.1 | 30 |
| Reduction pursuant to §§ 2D1.1(a)(5)(A), (B)(i) | -2 |
| *Subtotal Base Offense Level* | 28 |
| Career Offender Enhancement: Base Offense Level, pursuant to § 4B1.1 | 32 |
| Acceptance of Responsibility | -3 |
| **Revised Total Offense Level** | **29** |

Based on this revised total offense level (29) and the unchanged criminal history category (VI), the revised Guidelines range remains 151 to 188 months imprisonment. U.S.S.G. Ch. 5, Pt. A.

In sum, Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, therefore this Court does not have the authority to reduce his sentence. *See United States v. Ornelas*, 825 F.3d 548, 552-53 (9th Cir. 2016) (finding that a career offender defendant who was sentenced under an amended guideline range pursuant to a plea agreement, "nevertheless was ineligible for a sentencing reduction because his applicable guideline range for purposes of § 1B1.10 was the career offender guideline range."); *Charles,* 749 F.3d at 770 ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders."); *see, e.g., Zeich v. United States,* Civ. No. 1:93-CR-05217

LJO, 2014 WL 6774878, at *2 (E.D. Cal. Nov.10, 2014) (holding that a defendant sentenced as a career offender was ineligible for a sentence reduction based on Amendment 782).

The answer at step one is that Petitioner does not qualify for a sentence reduction. *See Wesson,* 583 F.3d at 731 (holding that § 4B1.1 establishes a sentencing scheme that is "mutually exclusive" of drug offender ranges calculated under § 2D1.1). To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step one is "No," the court does not proceed to step two. *See* § 1B1.10; *Dunn*, 728 F.3d at 1155.

## III. CONCLUSION AND ORDER

Despite the new rule promulgated in *Davis II*, 825 F.3d 1014, removing the threshold bar to possible § 3582 relief, the Court concludes that Petitioner, because of his career offender status, has no basis for seeking a reduction. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gustavo Moreno's Section 3582 Motion (ECF No. 145) is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** the Petitioner and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: __August 31, 2016__      __/s/ Lawrence J. O'Neill__
                                                    UNITED STATES CHIEF DISTRICT JUDGE